## ERB et al. v. UNITED STATES.

District Court, S. D. New York.
Nov. 21, 1938.

Blake & Voorhees, of New York City (Tracy S. Voorhees and Edward I. Devlin, Jr., both of New York City, of counsel), for plaintiffs.

Lamar Hardy, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The suit is to recover income tax for the year 1918 alleged to have been erroneously collected.

Smathers, the deceased taxpayer, in 1918 and for years earlier and later had

a one-half interest in a partnership dealing in oil leases. In his return for 1918 Smathers reported net income of $96,370.33 and paid tax on such sum. As a result of jeopardy assessment in 1925 and claim in abatement made by the taxpayer, the commissioner in 1927 finally determined that there was a tax deficiency of $128,792.39. The principal part of this deficiency was due to the fact that the commissioner fixed the depletion allowance to the partnership at $580,123.74 for the year 1918, made up of $261,148.79 for depletion on March 1, 1913 values and subsequent costs and $318,974.95 for depletion on discovery appreciation. The taxpayer having died in 1928, the plaintiffs as his executors on October 16, 1934 paid under protest the additional tax so fixed and interest, the total payment being $202,633.93. After taking the necessary steps in respect to claim for refund the plaintiffs brought this suit to recover a portion of the amount so paid.

The plaintiffs concede the correctness of all the adjustments made by the commissioner except the depletion allowance. As to this their position is that the proper depletion allowance was $812,888.21, as against the commissioner's allowance of $580,123.74, and that with depletion allowance at the proper figure the amount of tax assessed and paid was excessive by the amount of $73,869.62 and interest. As proof of the fact that the proper depletion allowance was $812,888.21, the plaintiffs offered in evidence the decision and proceedings of the Board of Tax Appeals in a case between the plaintiffs and the commissioner relative to the taxpayer's income tax for the year 1919. In that proceeding the principal issue was the profit realized by the partnership on the sale of oil leases in 1919, and the depletion on the March 1, 1913 value and subsequent cost was a major factor. It was found by the Board that the depletion allowance for 1918 on March 1, 1913 values and subsequent cost was $521,535.19. There was a concession on the trial of the present case that with such a figure taken for depletion on March 1, 1913 value and subsequent cost, the proper depletion for discovery for 1918 would be $291,353.02. The sum of $521,535.19 and $291,353.02 is $812,888.21. The decision of the Board of Tax Appeals was not appealed from.

■ Upon such proof the plaintiffs are entitled to judgment in the sum demanded. The decision of the Board of Tax Appeals to the Effect that the depletion for 1918 on the value and cost of leases was $521,535.19 is res judicata in this suit. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; United States v. Globe Indemnity Co., D.C., 17 F.Supp. 838. There is no merit in the defendant's suggested distinction between cash basis and accrual basis. So the proof is that the proper figure for depletion for the year 1918 on March 1, 1913 value and subsequent cost was $521,535.19. Upon the concession as to depletion for discovery, the total allowance for depletion for 1918 was properly $812,888.21, instead of the $580,123.74 determined by the commissioner in assessing the tax. There being nothing to overthrow the other determinations of the commissioner, it follows that the tax assessed by the commissioner was excessive by $73,869.62. Interest on that figure down to date of payment is $42,351.89. The plaintiffs are accordingly entitled to $116,221.51, with interest from October 16, 1934.

■ The defendant's argument relative to the bond is without merit. When the taxpayer filed claim of abatement in 1925, he gave bond for $150,000 as security for payment of the tax; in 1933 the United States brought action on the bond; the plaintiffs having later paid the full amount of the tax assessed, with interest, it was held that the United States was not entitled to entry of judgment on the bond. United States v. Erb, 2 Cir., 79 F.2d 538. The bond was given to make sure that the amount ultimately found to be due by the commissioner would be paid. When that amount was actually paid in 1934, the bond became a spent instrument. The taxpayer in giving the bond did not engage that he would not sue to recover part of the tax paid by him, nor did he engage that the determination of the tax by the commissioner would not be contested after payment.

There will be judgment for the plaintiffs for $116,221.51, with interest from October 16, 1934. The plaintiffs will submit findings and conclusions.