EL PATIO COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4940.   Promulgated January 7, 1946.

*Frank C. Callahan, C. P. A.*, for the petitioner.
*Donald P. Chechock, Esq.*, for the respondent.

### OPINION.

DISNEY, *Judge*: This case involves income taxes for the years 1940, 1941, and 1942, as to which deficiencies of $131.48, $290.38, and $31.63, respectively, were determined by the Commissioner. One issue has been abandoned by the petitioner, so that only a portion of the above amounts are now involved. After such abandonment, the only question remaining is whether the respondent erred in the computation of depreciation upon a building.

The parties stipulated all facts, as follows:

(1) Petitioner is an Oklahoma Corporation with its principal office at 1530 South St. Louis Avenue, Tulsa, Oklahoma. Its Federal income tax returns for all taxable years since incorporation in 1927 have been filed with the Collector of Internal Revenue for the Oklahoma District at Oklahoma City, Oklahoma. The petitioner is on the accrual basis of accounting. The taxable years involved in this proceeding are the calendar years 1940, 1941, and 1942.

(2) In 1927, petitioner erected a store and apartment building costing $112,-619.19 on a site owned by it in Tulsa, Oklahoma, and on its first income tax return filed on or about March 15, 1928, computed depreciation on an estimated life of twenty-five years. From 1927 to 1933, inclusive, the petitioner reported taxable

1

income. and for said period claimed an allowed total depreciation of $27,586.26, on an annual depreciation allowance basis of 4%, or $4,504.77. For the calendar years 1934 to 1937, inclusive, petitioner's returns as filed showed a net loss from operations, ranging from $1,489.00 to $2,276.26. For said years, the returns showed a net income, without taking any deduction for depreciation, as follows:

| | |
|---|---|
| 1934 | $2,295.54 |
| 1935 | 2,370.03 |
| 1936 | 2,228.51 |
| 1937 | 3,015.77 |

On each return for said four years, 1934 to 1937, inclusive, the petitioner took depreciation of $4,504.77, computed on the above costs and estimated life of 25 years.

(3) For the year 1938 the petitioner reported net income of $849.46, and for the year 1939 net income of $1,382.58. For both years petitioner claimed on its returns as filed depreciation of $4,504.77.

(4) As result of an investigation of the 1939 return, the internal revenue agent in his report dated January 30, 1941, recommended that depreciation be computed upon the basis of a remaining life of 18½ years from January 1, 1939, rather than 13 years as shown in the return. A similar recommendation was made in an agent's report dated August 28, 1935 covering the year 1933 but no effect was given thereto.

(5) On April 28, 1941, the Internal Revenue Agent in Charge, Oklahoma Division, mailed to the petitioner a letter proposing a deficiency based on the change of the remaining life of the buildings to 18½ years as recommended by the examining agent and further enclosing to the petitioner a copy of the agent's report.

(6) The petitioner thereafter filed, under date of May 21, 1941, a protest to the adjustment for depreciation as reflected by the agents' report for the year 1939. The petitioner accepted the revised estimate as to the remaining life of the property but contended that under the decision of the Court of Appeals for the Third Circuit in the case of *Pittsburgh Brewing Co.* v. *Commissioner* (C. C. A. 3, 1939), 107 F. (2d) 155, 23 A. F. T. R. 870, the adjustment should have been made as of January 1, 1934, since it had received no tax benefit from the excessive deductions claimed in its returns for the years 1934 to 1937, inclusive. Recomputation of the depreciation allowable on the basis of the petitioner's contention disclosed an annual allowance of $3,618.44 in lieu of the amount of $4,504.77 claimed in each of its net loss returns for the years 1934 to 1937, inclusive.

(7) The petitioner's contention was accepted as a basis for settlement of its tax liability for the years 1938 and 1939, and on June 17, 1941, the following letter was sent to the petitioner:

"TREASURY DEPARTMENT
Oklahoma City, Okla.
June 17, 1941

Oklahoma Division
In reply refer to
  IT: CCS: CM
El Patio Company, Inc.
1530 S. St. Louis Avenue,
Tulsa, Oklahoma.

In re: Tax Liability Years 1938 and 1939

Sirs:

Reference is made to your protest dated May 21, 1941, against the proposed adjustment in tax liability as reflected in the report of Revenue Agent Nelson O. Hopkins, dated January 30, 1941, covering his examination of the year 1939, in

which you protest against the basis for the computation of depreciation, claiming that depreciation should be adjusted upon the basis of the recommendation which was made in examination of the year 1933, since there were net losses for the years 1934 to 1937 inclusive, in accordance with the decision in the case of the Pittsburgh Brewing Company, and that the years 1938 and 1939 should be adjusted upon the basis of the recommendation made for the year 1933.

A review has been made of your protest and your contention will be conceded upon execution of the Agreement Form 870 enclosed herewith, following which your case will be forwarded to the Bureau of Internal Revenue with the recommendation that your case be closed upon the basis of the revised computation as reflected in your protest, disclosing a deficiency in income tax for the year 1938 of $99.97, and for the year 1939 of $102.70

Respectfully,

(Signed) O. F. WEBERBAUER

*Acting Internal Revenue*

*Agent in Charge"*

Enc.

CM : LA

(8) Thereafter on June 28, 1941, the petitioner was sent the following letter from W. A. Holt, Internal Revenue Agent in Charge:

"TREASURY DEPARTMENT

Oklahoma City, Okla.

June 28, 1941

In reply refer to

IT : CCS : CM

El Patio Company, Inc.,

1530 S. St. Louis Avenue,

Tulsa, Oklahoma.

In re: Tax Liability

Years 1938 and 1939

Sirs:

Consideration has been given to your protest of May 21, 1941, to report of Revenue Agent N. O. Hopkins dated January 30, 1941, covering the year 1939. Consideration has also been given to your income tax liability for the year 1938. This office has reached the conclusions set forth in the computations attached. Your accord to the tax liability, as adjusted, is evidenced by a signed agreement filed with this office.

The Collector will present to you at an early date a bill for payment of the tax, together with interest, at which time remittance should be made to that official, provided you have not already paid the full amount due.

Respectfully,

(Signed) W. A. HOLT

*Internal Revenue Agent in Charge"*

(9) Attached to the said letter from Mr. Holt was the following schedule:

"El Patio Company, Inc.,

Tulsa, Oklahoma.

RECOMPUTATION OF DEPRECIATION ON BUILDING

| | |
|---|---|
| Cost 1927 | $112, 619. 19 |
| Depreciation sustained | 27, 586. 26 |
| *Residual Value 12–31–33* | 85, 032.93 |

Estimated future life 23½ years:

| Depreciation | Years | |
|---|---|---|
| $3,618.44 | 1934 | |
| 3,618.44 | 1935 | |
| 3,618.44 | 1936 | |
| 3,618.44 | 1937 | |
| 3,618.44 | 1938 | |
| 3,618.44 | 1939 | $21,710.64 |

*Residual Value 12–31–39* ............................................ $63,322.29

| | 1938 | 1939 |
|---|---|---|
| Depreciation Claimed | $4,504.77 | $4,504.77 |
| Depreciation Allowed | 3,618.44 | 3,618.44 |
| *Excessive Depreciation* | $886.33 | $886.33" |

(10) Petitioner duly paid the additional taxes for the calendar years 1938 and 1939 shown to be due as a result of the recomputation of the depreciation allowance, and adjusted its books to conform to the statement furnished as per paragraph 9 above, showing a residual value on December 31, 1939 of $63,322.29.

(11) For the year 1940, petitioner reported a net loss of $203.53. Depreciation of $4,504.77 was claimed. For the year 1941 (the first return filed after the aforesaid recomputation of depreciation) petitioner claimed depreciation of $3,618.44, and reported net income of $110.61. For the year 1942 petitioner claimed depreciation of $3,618.44, and reported net income of $3,502.23.

(12) The Commissioner in computing depreciation for the years 1940, 1941, and 1942, took as the residual value of the property on December 31, 1939, the amount of $59,776.97, rather than $63,322.29 as shown in paragraph 9 above. This difference in value occurs as a result of the difference in depreciation taken for the years 1934, 1935, 1936 and 1937. In arriving at the residual value of $63,322.29, the annual depreciation taken for the years 1934 to 1937, inclusive, was $3,618.44. In arriving at the residual value of $59,776.97, the annual depreciation taken for the years 1934 to 1937, inclusive, was $4,504.77. The Commissioner's method of computation for the taxable years here involved, 1940, 1941, and 1942, is shown by the statutory notice of deficiency appended to the petition as Exhibit A, which deficiency notice is by reference hereto made a part of this stipulation.

Examination of the above facts discloses that the issue between the parties centers in the treatment of the deduction for depreciation in the years 1934–1937, inclusive, in each of which years the petitioner claimed depreciation of $4,504.77 and in each of which petitioner had a net loss from operations, ranging from $1,489 to $2,276.26. These years were considered in a settlement of the petitioner's income tax liability for the year 1939. In the course of the negotiations for such settlement, the petitioner contended, under the decision of the Circuit Court of Appeals for the Third Circuit, in the case of *Pittsburgh Brewing Co.* v. *Commissioner*, 107 Fed. (2d) 155, that adjustment should be made as of January 1, 1934, since it had received no tax benefit from the excessive deductions claimed in its returns for the years 1934 to 1937, inclusive. In brief, the petitioner's contention

was accepted by the Commissioner as a basis for settlement of petitioner's tax liability for the years 1938 and 1939, and in the course of the computations made by the Commissioner a residual value of the property involved as of December 31, 1939, was stated as $63,-322.29. However, the computation of depreciation by the Commissioner, for the taxable years herein involved, 1940, 1941, and 1942, is based upon a residual value of $59,776.97 for the building on December 31, 1939. The substance of the petitioner's contention is that, having made the settlement for the years 1938 and 1939, and having stated a residual value of $63,322.29 as of December 31, 1939, the Commissioner may not now compute depreciation for these taxable years upon a basis of a residual value of $59,776.97 at December 31, 1939. The respondent, on the other hand, says, with other contentions, in substance, that the settlement was made as to the years 1939 and 1938 only, and is not binding as to these taxable years, and further that the petitioner is still contending for the treatment accorded to the loss years 1934 to 1937, under the *Pittsburgh Brewing Co.* case, whereas under *Virginian Hotel Corporation of Lynchburg* v. *Helvering*, 319 U. S. 523, a different treatment is required. Contrary to the petitioner's idea as to what took place in the settlement as to 1938 and 1939, the respondent argues that such settlement did not involve any allowance as to the years 1934 to 1937, inclusive, so that it can not be said that the figure $3,618.44 used as to each of those years in such settlement was "allowed," within the intendment of section 113 of the Internal Revenue Code.[1]

In our opinion the respondent's views should be sustained. Since the opinion of the Supreme Court of the United States in the *Virginian Hotel* case, depreciation must be computed by taking into consideration any claims for depreciation which in earlier years than those involved have been "allowed," despite the fact that in those years no tax benefit may have accrued to petitioner because of net losses taken; and, under the opinion in the *Virginian Hotel* case, it is clear that a claim for depreciation deductions presented in the returns and not challenged by the Commissioner are "allowed." Here we find that the petitioner in the return in each of the years 1934 to

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

   \*       \*       \*       \*       \*       \*

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

   \*       \*       \*       \*       \*       \*       \*

(B) In respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this chapter or prior income tax laws. \* \* \*

1937, inclusive, did claim depreciation of $4,504.77. Nothing before us indicates that the claim was not, as to each of those years, "allowed," within the language of the *Virginian Hotel* decision, and therefore, under that decision, the respondent is correct in computing depreciation for these taxable years by using $4,504.77 as an adjustment of depreciation for each of those years (as he does in arriving at a residual value of $59,776.97 on December 31, 1939)—unless the petitioner is correct in its view that in the settlement for 1938 and 1939 the Commissioner "allowed" only $3,618.44 for each of the years 1934 to 1937, inclusive, so that adjustment for no larger figure can be made in computing depreciation for 1940–1942. We do not consider the petitioner's view as valid. Although the record before us does show affirmatively that as to each of the years 1938 and 1939 depreciation was allowed in the amount of $3,618.44, the same language does not appear as to the years 1934 to 1937, inclusive. Those years were not being settled, and there was no occasion for any allowance or disallowance as to them, and although in the settlement for 1938 and 1939 in recomputing depreciation the original cost base was adjusted by allowing $3,618.44 for each of the years 1934 to 1937, inclusive, we do not think such action constitutes an allowance of that figure for each of those years or dispenses with the necessity for application of the language of section 113 (b) (1) (B) above requiring adjustment as to the years before us, 1940 to 1942, inclusive, "in respect of any period since February 28, 1913, * * * to the extent allowed (but not less than the amount allowable.)" In our view, there was no allowance in the settlement made for 1938 and 1939 of a depreciation adjustment for the years 1934 to 1937, but the settlement for 1938 and 1939 was merely made upon a basis as if there had been such allowance. Such an assumption in settling taxes as to the years 1938 and 1939 can not avail to control the years 1940–1942 and, in effect, to deny application of the principles announced in the *Virginian Hotel* case.

Estoppel has not been argued by the petitioner and there has been neither pleading nor proof of any misrepresentation or concealment. It is clear that the parties settled 1938 and 1939 under an assumption that the *Pittsburgh Brewing* case correctly stated the law. It did not, as we now know the law, and no reason appears for binding the respondent as if the Commissioner had done something which in fact he did not do, i. e., having before him only the years 1938 and 1939, he allowed claims of depreciation for no other years. We conclude and hold that the Commissioner did not err in his computation of depreciation and in the determination of deficiencies for the taxable years herein involved.

Reviewed by the Court.

*Decision will be entered for the respondent.*

HILL, *J.*, dissents.