C. D. JOHNSON LUMBER CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8774. Promulgated June 20, 1951.

*Charles E. McCulloch, Esq., Fletcher Rockwood, Esq., Thomas B. Stoel, Esq.,* and *Eric P. Van, C. P. A.,* for the petitioner.
*John H. Pigg, Esq.,* for the respondent.

### SUPPLEMENTAL OPINION.

JOHNSON, *Judge:* The original opinion in this proceeding was promulgated March 17, 1949, at 12 T. C. 348. Thereafter the parties filed conflicting computations under Rule 50 of this Court's Rules of Practice, petitioner filing three alternative computations and respondent filing one. At a hearing on November 15, 1950, the parties filed a

stipulation of facts and, subsequently, briefs in support of their computations. The stipulation of facts is incorporated herein by reference.

In the original opinion we held that in computing depreciation and depletion deductions for the taxable years at issue, the fiscal years ended November 30, 1940 and 1941, on certain assets acquired by petitioner from an insolvent corporation, petitioner was entitled to use a cost and unadjusted basis of such assets as of the date of acquisition, December 1, 1935, in the amount of $4,346,075.97. The controversy under Rule 50 is as to the correct adjusted basis at the beginning of the taxable years here involved, i. e., at December 1, 1939, to be used for the computation of the above depreciation and depletion deductions. The parties differ as to the amounts of depreciation and depletion to be taken for the fiscal years ended November 30, 1936, 1937, 1938, and 1939 (hereinafter referred to as the years 1936, 1937, 1938, and 1939), in arriving at the December 1, 1939, adjusted basis.

The Internal Revenue Code provides that in determining the adjusted basis of property for depreciation and depletion:

(1) Proper adjustment in respect of the property shall in all cases be made—

\* \* \* \* \* \* \*

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this chapter or prior income tax laws. \* \* \*

[Section 113 (b) (1) (B)].

To deal first with the years 1936 and 1937, both parties agree that the depreciation and depletion allowed for those years for the assets here involved are the amounts allowed this petitioner by the Board of Tax Appeals in a prior proceeding, *C. D. Johnson Lumber Corporation*, 47 B. T. A. 873. Petitioner contents that those amounts are also the amounts allowable. Respondent contends that the amounts of depreciation and depletion allowable for the years 1936 and 1937 are to be computed on the "correct basis" of $4,346,075.97 determined in the original opinion in the present proceeding, and that, these amounts allowable being greater than the amounts allowed, basis must be reduced by the amounts allowable in arriving at adjusted basis under section 113 (b) (1) (B) of the Code.

We hold that petitioner's contention on this question must be sustained. In the prior B. T. A. proceeding the opinion stated (at 47 B. T. A. 880), "petitioner assails the partial disallowance of depletion and depreciation deductions for 1936 and 1937." The Board of Tax Appeals upheld respondent's determination of the amounts of depletion and depreciation deductions to which petitioner was entitled on

the assets here in question in 1936 and 1937. Thus the Board clearly made a judicial, final determination of the amounts of depreciation and depletion allowable for those years, and respondent is estopped from now claiming any other amounts as allowable.

Respondent, however, contends that the question of the amounts of depreciation and depletion allowable in 1936 and 1937 was not litigated and determined in the prior proceeding, for the reason that petitioner "contended only that the Commissioner's refusal to recognize the statutory reorganization and to use its predecessor's bases in computing its depreciation and depletion deductions was error" and the Board could not find from the evidence any other amounts of deductions to which petitioner was entitled than those determined by the Commissioner, petitioner having "mistakenly failed to place in issue the amount of its own cost basis of the assets in question." Respondent's contention is without merit. As the Supreme Court said in *Last Chance Mining Co.* v. *Tyler Mining Co.*, 157 U. S. 683, 691: "The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination and not, upon what evidence or by what means was it reached?" The fact judicially determined in the proceeding before the Board was that petitioner was entitled to deduct in 1936 and 1937 the amounts of depreciation and depletion determined by the Commissioner, which thus became the allowable amounts for those years.

Nor can our holding in the original opinion in the present proceeding as to the cost basis petitioner is entitled to use in computing its depreciation and depletion deductions for 1940 and 1941 alter the amounts of depreciation and depletion previously adjudicated as allowable for 1936 and 1937, though upon a different and apparently erroneous cost basis. As said in *Commissioner* v. *Sunnen*, 333 U. S. 591, "matters which were actually litigated and determined in the first proceeding cannot later be relitigated." Cf. *Libbie Rice Farish*, 2 T. C. 949; *Erb* v. *United States*, 26 F. Supp. 994.

For the years 1938 and 1939 the parties are agreed that the amounts of depreciation and depletion allowable are those computed on the new cost basis of $4,346,075.97 determined in the original opinion in the present proceeding. Respondent contends that the amounts of depreciation and depletion allowed are those claimed on petitioner's returns for those years, both loss years, which amounts were computed on a cost basis of approximately $5,500,000. For the years 1938 and 1939 respondent has reduced the new cost basis of $4,346,-075.97 by these amounts he contends were allowed, being higher than the amounts allowable. Petitioner contends, however, that the allowed amounts are not those claimed on its 1938–1939 returns without tax

benefit, but the amounts allowed in a revenue agent's report on petitioner's 1940 return and reflected in respondent's deficiency notice for 1940, computed on a cost basis of $3,011,312.75. Accordingly, petitioner maintains that the new cost basis must be reduced only by the amounts allowable, being higher than the amounts it contends were allowed.

In our opinion respondent's view on this issue must be sustained. In the first place, *Virginian Hotel Corporation of Lynchburg* v. *Helvering*, 319 U. S. 523, specifically refutes any idea that "allowed" depreciation connotes the receipt of a tax benefit. In the second place that case, in referring to depreciation deductions, states: "If the deductions are not challenged, they certainly are 'allowed' since tax liability is then determined on the basis of the returns." The plain implication of this language is that if, as here, depreciation deductions are not challenged as deductions for the year taken, they are allowed, regardless of what amounts the Commissioner may use to arrive at adjusted basis in determining depreciation deductions and tax liability for a later year. Respondent having before him only the year 1940 in his notice of deficiency for 1940, "he allowed claims of depreciation for no other years." *El Patio Co.*, 6 T. C. 1, 6. It follows that the allowed amounts of depreciation and depletion for 1938 and 1939 are the amounts claimed on petitioner's returns and cost basis must be reduced accordingly, as contended by respondent.

Finally, petitioner contends that where it used an excessive basis of approximately $5,500,000 in computing depreciation and depletion on its 1938–1939 returns but received no tax benefit from the excessive deductions, respondent's computation, in reducing petitioner's basis to $4,346,075.97, the basis determined in the original opinion in this proceeding, "and then in reducing the basis again by depreciation and depletion attributable to the erroneous excess, constituted an improper rather than a 'proper' adjustment under section 113 (b) (1) (B)." In *Blackhawk-Perry Corporation* v. *Commissioner* (C. A. 8, 1950), 182 F. 2d 319, where, also, the taxpayer had used an excessive basis in deducting depreciation in prior years without tax benefit, and the court determined that for the taxable years a revised, smaller basis should be used, the court held that the taxpayer could not recompute its depreciation for the prior years using the revised basis. We regard that case as controlling here and accordingly reject petitioner's contention on this point.

Our conclusions on the issues raised herein necessitate a computation not represented except in part by any of the computations filed by the parties.

Reviewed by the Court.

*Decision will be entered under Rule 50.*