## SUN LIFE INS. CO. OF AMERICA v. UNITED STATES.
### No. 42097.

Court of Claims.
Nov. 4, 1935.

· Earl Whittier Shinn, of Washington, D. C., for plaintiff.

Guy Patten, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The Revenue Act of 1924 contains the provision set out below with reference to the determination of the net income of life insurance companies:

"Sec. 245. (a) In the case of a life insurance company the term 'net income' means the gross income less— * * *

"(5) Investment expenses paid during the taxable year: Provided, That ·if any general expenses are in part assigned to or included in the investment expenses, the total deduction under this paragraph shall not exceed one-fourth of 1 per centum of the book value of the mean of the invested assets held at the beginning and end of the taxable year." 43 Stat. 289.

The question presented in the case is whether under this provision a life insurance company may include in investment expenses paid a portion of the salaries paid to certain general officers whose duties in part pertained to the investment business of the company.

The evidence shows that the treasurer and assistant treasurer of the plaintiff company devoted, respectively, 90 per cent. and 25 per cent. of their time to the management of plaintiff's investment business, and plaintiff claims that this proportion of the salaries should be included in investment expenses paid and deductions made accordingly.

In the case of Volunteer State Life Insurance Co. v. Commissioner, 27 B. T. A. 1149, the Board of Tax Appeals held that where general officers were paid specific sums for services rendered in connection with the company's investment business and additional amounts for other kinds of work the insurance company was entitled to a deduction. We think the decision was correct. The statute is specific in stating that an insurance company is entitled to a deduction on account of investment expenses paid during the taxable year. The only exception is contained in an extremely indefinite proviso which for reasons hereinafter stated we think has no application to the case now before us.

It is plain that under the statute if the plaintiff had made a definite agreement in advance to pay its general officers a certain amount for the work done in connection with its investment business and another

sum for that done in connection with its insurance business it would be entitled to a deduction therefor. The evidence shows that the plaintiff did incur and pay investment expenses. It did not, it is true, fix the amount so paid by a contract with its officers, or even make an allotment in advance of the portion of their salaries so paid, or separate the amounts paid for investment expenses from the insurance expenses on its books. But we cannot find anything in the statute which requires that this be done, nor can we see how it would be to the advantage of the government. If contracts were made in advance fixing the amount to be paid for the different kinds of services, the practical effect would be that the company would fix these amounts at what it thought was proper. In the case before us, the evidence shows the proportion of time devoted respectively to the investment business and to the insurance business. While this may not be an absolutely accurate way to apportion the expense, we think it is substantially correct and that the amount devoted to investment expense is less likely to be swollen than it would be if the company fixed it in advance. Moreover, it is essentially fair, and the plaintiff is required to furnish proof. If the salaries were separated in advance, all the plaintiff would have to show would be that it made the payments in good faith which, in the absence of evidence to the contrary, would be presumed.

It is urged on behalf of defendant that salaries paid to general officers must be treated as general expenses, but the statute contains no such requirement, and the record shows that the duties of these officials were not confined to the insurance business.

It is also argued that if the allowance claimed is made in this case it would furnish a means of evading the proviso. But the proviso applies only when "general expenses are in part assigned to or included in the investment expenses," which is not the case here, and could only occur when an attempt was made to improperly increase the amount of investment expenses. The purpose of the proviso so far as we can determine from the language used and its connection with the remainder of the section is to prevent "padding" of the investment expenses by requiring the insurance companies to make a definite showing of how much has been expended for investment purposes and how much upon the insurance business. It would be easy to avoid the proviso even under the construction for which defendant contends, but we are unable to find in the case before us any question of either evasion or avoidance.

Plaintiff is entitled to recover, but nothing is said in argument with reference to the amount of its recovery, and no computation is submitted. Judgment will be entered in favor of the plaintiff with interest, as provided by law. If the parties can stipulate as to the amount thereof and the dates from which interest will run in accordance with this opinion, judgment will be rendered accordingly. Otherwise, the court will have the calculation made and enter judgment thereafter.