COMMISSIONER OF INTERNAL REVENUE v. VOLUNTEER STATE LIFE INS. CO.

No. 7939.

Circuit Court of Appeals, Sixth Circuit.

March 12, 1940.

Writ of Certiorari Denied May 20, 1940.

See 60 S.Ct. 1080, 84 L.Ed. ——.

Edward H. Horton, Sp. Asst. to Atty. Gen., (James W. Morris, Asst. Atty. Gen., and Sewall Key and Edward H. Horton, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

F. Linton Martin, of Chattanooga, Tenn., and Robert A. Littleton, of Washington, D. C., (Robert A. Littleton, of Washington, D. C., and F. Linton Martin and Miller, Miller & Martin, all of Chattanooga, Tenn., on the brief), for respondent.

Before ALLEN, HAMILTON, and AR-ANT, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented in this appeal is whether, in computing income tax, certain items are deductible from income as investment expenses of a life insurance company, within the purview of § 203(a) (5) of the Revenue Act of 1928, 45 Stat. 791, 26 U.S.

C.A. Int.Rev.Acts.[1] The Commissioner seeks to review a decision of the Board of Tax Appeals (35 B.T.A. 491) holding the following items deductible as such expenses in the years 1929 and 1930:

### 1929

| | |
|---|---|
| Salary, officers | $18,401.66 |
| Salary, clerks | 18,219.34 |
| Mortgage loan expenses | 5,740.34 |
| Postage, telephone and telegraph | 772.91 |
| Printing and stationery | 1,670.77 |
| Investment and supervisory service | 1,033.91 |
| Total | $45,838.93 |

### 1930

| | |
|---|---|
| Salary, officers | $18,473.50 |
| Salary, clerks | 19,491.76 |
| Directors and committee fees | 165.00 |
| Mortgage loan expenses | 7,897.28 |
| Postage, telegraph and telephone | 847.41 |
| Printing and stationery | 1,572.77 |
| Inspection and supervisory expenses, mortgage loans | 1,328.87 |
| | $49,776.59 |

The Commissioner contends that although the expenses were designated as arising from the care and operation of the taxpayer's investments, they were in reality in part general expenses assigned to or included in investment expenses, and because of this fact, under the statute, the application to the deduction of the limitation of one-fourth of one per cent. of the invested assets was required.

The only items in question are deductions for (1) postage, telephone and telegraph, (2) printing and stationery, and (3) officers' salaries.

The taxpayer showed that expenditures for postage, telephone and telegraph for each of its departments were made upon requisition, and that detailed records were kept of them. It thus had a means by which it could have ascertained, prior to making its return, the amount actually spent by the investment department for this item; but the deduction claimed was arrived at by taking ten per cent. of the total expenditures, which were obviously general expenses. The taxpayer claims that the item is still deductible, inasmuch as the amount claimed as a deduction was later proved to be less than that actually expended.

■ This item clearly involved an assignment of general expense, within the meaning of § 203(a) (5), and therefore is subject to the one-fourth of one per cent. limitation. In view of the mandatory provisions of the statute, it is immaterial that a subsequent check may have shown that the deduction thus arrived at is somewhat less than the amount later found to have been expended. The Board erred in holding otherwise.

■ The same conclusion is compelled as to the item for printing and stationery. The taxpayer owns and operates its own printing plant, which supplies all its printing necessities. Each department requisitions its needs, and bills are rendered showing charges in detail. The only evidence as to what was included in this item was that of Bork, manager of the mortgage loan department, who testified that "if it was printing it was computed on the cost of the stock plus the expense of printing and overhead for the plant, like any other printing plant." The inclusion of an allowance for "overhead" for the printing plant, which is a general expense, demonstrates that in this item general expense is "in part assigned to or included in the investment expenses," bringing into application the statutory limitation, and requiring reversal upon this point.

The deduction for salaries was the largest and the most important of the items in question.

During the years in controversy, the taxpayer made separate annual contracts with its president and treasurer, one for general, and the other for investment services. The contracts were based upon estimates made by the finance committee of the amount of time each officer would in the coming year devote to each form of service. Each officer thereafter received two checks each month, one for investment and the other for general services. The former were included

[1] Revenue Act of 1928, c. 852, 45 Stat. 791:

§ 203 (a) "In the case of a life insurance company the term 'net income' means the gross income less—

\* \* \* \* \* \*

"(5) Investment expenses paid during the taxable year: Provided, That if any general expenses are in part assigned to or included in the investment expenses, the total deduction under this paragraph shall not exceed one-fourth of 1 per centum of the book value of the mean of the invested assets held at the beginning and end of the taxable year \* \* \*."

in the taxpayer's investment expenses, and the Board allowed the deduction.

The Commissioner claims that this item also includes a part of the taxpayer's general expense for salaries, because the allocation is based upon an advance estimate, and not upon figures of actual investment expense incurred in the past.

On the other hand, the taxpayer claims that this deduction is expense actually incurred by and for the benefit of the investment department alone, and denies, in view of the contracts of employment, that it includes any general expense.

While § 203(a) (5) contains no definition of "general expenses," it has appeared unchanged in every revenue act from 1921 to 1938. In New World Life Ins. Co. v. United States, 26 F.Supp. 444, a decision of the Court of Claims which in effect reverses Sun Life Ins. Co. of America v. United States, ct. cl., 12 F.Supp. 450, relied upon by the taxpayer, an exhaustive discussion of the history and purpose of this enactment appears, and will not be repeated here. The Treasury Regulations promulgated pursuant to the provisions of the Revenue Acts of 1934 and 1936 [Art. 203(a) (5)-1 of Regulations 86 and 94] define general expenses as "any expense incurred for the benefit of more than one department of the company rather than for the benefit of a particular department thereof."

The officers of the taxpayer exercised such supervision over the investment department as a president or treasurer usually exercises. These services of supervision obviously were incurred for the benefit of more than one department of the company, and therefore were general expenses. Art. 203(a) (5)-1 of Treasury Regulations 86 and 94. In addition, the officers passed on all loans and extensions of loans, determined the prices at which real estate should be sold, and decided when and at what price securities should be purchased and sold. They did most of the detail work in the investment department, the taxpayer being a small insurance company. However, there is no evidence showing that the entire time for which these officers were compensated under investment expense was employed in investment services. But the only expenses deductible under the statute as actually paid are those expenses directly and entirely relating to the investment department. New World Life Ins. Co. v. United States, supra. The Commissioner's determination that the investment expenses for salaries in fact included general expense is presumptively correct. The burden rests upon the taxpayer to prove that it is entitled to the deductions. United States v. Peabody Co., 6 Cir., 104 F.2d 267, 269. This burden it has not sustained.

As shown by the legislative history of § 203(a) (5) of the Revenue Act of 1928 (New World Life Ins. Co. v. United States, supra), the statute contemplates two methods only of computing deductions allowed for investment expenses: (1) By ascertaining by accurate and detailed records investment expenses actually paid during the taxable year, and (2) by assigning or allocating part of general expenses to investment expenses based upon estimates subject, however, to the statutory limitation. If deductions such as those allowed herein, based on advance percentage estimates of work to be done in the investment department, which work is combined with work done in general supervision, each class of work being done by the same person or by the same several persons are sustained, then the statutory limitation will be nullified, for under these circumstances it is not shown what portion of the claimed deductions consists of expenses directly related to and entirely incurred in the maintenance and operation of the investment department.

An actual expense for the purpose of determining a tax deduction cannot be ascertained in advance, for the very circumstance of ascertainment in advance necessitates an estimate. The fact that such an estimate or allocation is clothed in the formality of contract does not affect the conclusion. The taxpayer cannot by contract avoid the express effect of the statute.

We conclude that the total deduction allowable under the statute cannot exceed one-fourth of one per cent. of the book value of the mean of the invested assets held at the beginning and end of the taxable year. Under the provision of Art. 973 of Treasury Regulation 74, promulgated under the Revenue Act of 1928, this maximum allowance "will not be granted unless it is shown to the satisfaction of the Commissioner that such allowance is justified."

The order is reversed and the case is remanded for proceedings in accordance with this opinion.

ARANT, Circuit Judge (dissenting in part).

I agree that respondent is limited in its deduction for investment expenses as held

by the majority. The postage and printing items included general expense, and either, therefore, required application of the one-fourth of one percent limitation.

I cannot agree, however, that the salary item includes general expense. The reasoning of the Court of Claims in New World Life Ins. Co. v. United States, supra, upon which the majority relies, assumes, as its starting point, that, within the meaning of the act, all the compensation of an officer who renders any general service whatever is necessarily general expense, no matter how much service of a strictly departmental character he may render pursuant to a "reasonable and fair" contract separately made for such service. I regard as sounder the view expressed by the same Court in Sun Life Ins. Co. v. United States, 12 F. Supp. 450.