ESTATE OF P. D. GEORGE, MERCANTILE-COMMERCE BANK AND TRUST COMPANY AND JOHN EDWIN GEORGE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8767. Promulgated April 23, 1947.

*H. M. Stolar, Esq.*, for the petitioners.
*Frank M. Cavanaugh, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge*: Respondent contends that the question of liability for tax on the income of the trust for 1942 and 1943 is *res judicata* under our prior decision holding grantor taxable on the income of the trust for 1939. This Court there held the decedent-grantor taxable on the trust income under section 22 (a) of the code and the principles of *Helvering* v. *Clifford*, 309 U. S. 331. Our decision was affirmed on appeal. *George* v. *Commissioner*, 143 Fed. (2d) 837.

On brief petitioners concede that if there has been no material change in the statutory law affecting the instant problem, the decision here should be for the respondent, not only on the plea of *res judicata*, but even on the merits. They contend, however, that Congress, by amending section 22 (b) (3) of the code in 1942, made so material a change in the statutory law as to render inapplicable the doctrine of *res judicata* and require a decision in their favor on the merits. In this posture of the case, our sole inquiry is whether the amendment has that effect.

Prior to 1942 section 22 (b) (3) of the code read as follows:

SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \* \*

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

By section 111 of the Revenue Act of 1942, paragraph (3) of section 22 (b) of the code was amended to read as follows:

(3) GIFTS, BEQUESTS, DEVISES, AND INHERITANCES.—The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property.

Petitioners argue that the income involved is income from property; that it was given to Pericles Francis George, the trust beneficiary; that it was thus a gift of income from property; and that

section 22 (b) (3), as amended, provides that this income shall be includible in the income of the donee and thereby excludes it from the income of the donor. In short, this can amount to nothing more than a contention that Congress, in amending section 22 (b) (3), overruled the *Clifford* case.

In the report of the Senate Finance Committee [1] explaining the amendment to section 22 (b) (3) by section 111 of the Revenue Act of 1942, it is stated:

* * * Under existing law, the value of property acquired by gift, bequest, devise, or inheritance, but not the income therefrom, is excluded from gross income by the provisions of section 22 (b) (3) of the Code. This section has been construed as not requiring the exclusion from gross income of amounts received under a gift, bequest, or devise of a right to income from property (*Irwin* v. *Gavit*, 268 U. S. 161 * * *). *This construction of the existing law is now written into the bill for the sake of clearness.*

The existing law has also been construed, however, as excluding from gross income amounts received under a gift, devise, bequest, or inheritance of recurrent payments to be made in any event, whether or not out of corpus (*Burnet* v. *Whitehouse*, 283 U. S. 148 * * *). Although such amounts are not dependent solely upon income as the source of payment, they may be, and frequently are, by direction under the terms of the gift or bequest, paid in whole or in part out of income. Such cases most frequently arise in the case of trusts described as annuity trusts. Because annuities paid by a trust under the terms of a gift or bequest, if not dependent upon income, are excluded under section 22 (b) (3) from the gross income of the beneficiary, it has been held that the trustee, in computing its net income under section 162, can not deduct the amount of trust income distributed in payment of such annuity (*Helvering* v. *Pardee*, 290 U. S. 365 * * *). This construction of existing law results in payment of the tax by the trust upon income received by a beneficiary, and, accordingly, in some cases furnishes an instrument for tax avoidance by the beneficiary and in some cases results in hardship to other beneficiaries whose share of trust income is reduced by the taxes paid for the benefit of another.

This section, therefore, changes the treatment of gifts, bequests, devises, and inheritances to be paid in any event by treating them, if under the terms of the gift, bequest, devise, or inheritance the payment, crediting, or distribution thereof is to be made at intervals, as gifts, bequests, devises, or inheritances of income from property to the extent that they are paid, credited, or to be distributed out of income from property. Such change will provide the same treatment for amounts paid by a trustee out of the income of a trust in the case of a gift or bequest in terms of a right to such payments at intervals (regardless of income) as in the case of a gift or bequest in terms of a right to income; in neither case will the amounts paid at intervals out of income be excluded under section 22 (b) (3) from the beneficiary's income. *This section is not intended to state a new rule with respect to taxability of trust income between the nominal beneficiary and the creator of the trust where the latter would be taxable under section 22 (a) upon the income of the trust, or with respect to the assignment of earnings or other income where the assignor remains taxable.* The section applies only to those cases where the amounts paid or credited at intervals were excluded from the beneficiary's or donee's income by reason of the provisions of section 22 (b) (3). [Italics supplied.]

[1] S. Rept. No. 1631, 77th Cong., 2d sess. (1942-2 C. B. 558).

The report of the House Ways and Means Committee [2] contains substantially identical language.

It is apparent that the attention of Congress was directed to an entirely different problem, wholly unrelated to the problem involved here. Whatever may be one's views as to the wisdom of the tax policy inherent in the *Clifford* case, it would be strange indeed if Congress should undertake to change that policy without at least some mention of the case itself in the legislative history. At the date Congress was considering the Revenue Act of 1942, the judicial progeny of that decision were numerous; now they are myriad. Therefore, even if the committee reports had omitted the positive statement that the amendment was not intended to change the rule with respect to the taxability of trust income to the grantor under section 22 (a), we could not agree that by the change in language of section 22 (b) (3) Congress had, as petitioners in effect contend, overruled the *Clifford* case.

We conclude that there has been no material change in the statutory law affecting the instant problem since our earlier decision involving the liability of the grantor for tax on the income of the same trust. Accordingly,

*Decision will be entered for the respondent.*

---

[2] H. Rept. No. 2333, 77th Cong., 1st sess. (1942-2 C. B. 424).