## HALLER v. HELVERING, Commissioner of Internal Revenue.
### No. 5844.

Court of Appeals of the District of Columbia.
Decided Jan. 15, 1934.

William J. Byrne, of Washington, D. C., for petitioner.

G. A. Youngquist, Sewall Key, C. M. Charest, J. Louis Monarch, F. Edward Mitchell, and John D. Foley, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This petitioner presents for review a decision by the Board of Tax Appeals sustaining the Commissioner's determination of a deficiency in her income taxes for the years 1924 and 1925 amounting to $1,113.30 and $3,017.23 respectively.

She is the widow of Jacob Haller, who died in Erie, Pa., in 1895, leaving a will and a going grocery business then worth less than $25,000 to be carried on by his three executors so long as they profitably could during the lifetime of his widow.

The will further provides that the net profits of the business shall be paid to the widow during her widowhood for the support of herself and the children of the testator; to the children, if the widow remarries; and that at the death of the widow the business shall be sold by the executors and the proceeds divided among the children in equal shares.

By 1924 the business had increased in value to some $335,000, and during that year and the next the petitioner and each of the six children filed separate returns and paid separate taxes on one-seventh of the net income of the business.

Their explanation for so doing was that by agreement among themselves they had become equal partners in the business, and the books of the business had been conducted on such partnership basis for the years in question.

The Commissioner refused to recognize that arrangement as controlling the situation for purposes of taxation and held the entire net income of the business to be income of the widow, upon which return should have been made by her and the taxes paid by her.

The Board of Tax Appeals sustained the Commissioner, and the petitioner assigns as error the board's holding that she and the six children were not partners during the years in question, and that the entire net income of the business was taxable to her.

The board decided that the evidence produced was insufficient to establish the existence of a partnership during the years in question, and since no statement of that evidence is brought up in the record, the petitioner apparently acquiesces in the board's findings of fact in this regard but not in its conclusions of law.

However that may be, in our view of the case it was not competent for the widow and children to enter into such a partnership under the terms of the will governing them all, and which they were supposed to be following.

It appears that both the petitioner and the children regarded the business as theirs rather than hers, and carrying on harmoniously from the time of Haller's death in 1895 they greatly increased the value of the business, by turning back profits and otherwise.

The widow from time to time withdrew moneys from the profits as needed to satisfy

her wants, and each of the children with her consent did likewise to some extent.

It is contended that on or before December 31, 1923, the widow and the children agreed to become equal partners in the business thereafter and accordingly as of that date capital accounts were opened on the books crediting each with a one-seventh share of both capital assets and accumulated surplus, and the net profits for 1924 and 1925 were accredited accordingly, but how they were paid, if at all, does not appear.

But no such arrangement can control the petitioner's tax liability under the law and the will, whatever recognition the parties might give it among themselves, for by Haller's will the business was still in Haller's executors, there to remain until it was sold by them under the terms of the will.

All the petitioner had was a right for her unmarried life to the net income as it accrued.

The business itself was not the widow's by the will, nor ever intended to be by the testator; nor was it the children's who were not even to receive it at her death, but only the proceeds of its sale by the executors.

And no partnership in the business having been proven, no partnership in its income has been shown.

The interest that the children had in the income for the years in question was through apportionment by their mother under the will of their father, and not by a contractual arrangement within the living group.

So far as it became theirs at all under the will, it did so only after first becoming hers.

And having vested first in her, it was taxable income to her, regardless of its subsequent disposition by her.

The decision of the Board of Tax Appeals is therefore affirmed.