## PORTAGE SILICA CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7154.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1937.

Raymond T. Jackson, of Cleveland, Ohio (Spencer W. Reeder, Olive Payne Deering, and Baker, Hostetler, Sidlo & Patterson, all of Cleveland, Ohio, on the brief), for petitioner.

Morton K. Rothschild, of Washington, D. C. (Robert H. Jackson, Sewall Key, and Carlton Fox, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Petition by the Portage Silica Company to review decisions of the Board of Tax Appeals in consolidated proceedings, affirming the action of the Commissioner of Internal Revenue in assessing on redetermination deficiencies in income and profits taxes for the year 1920 and income taxes for the years 1922 to 1929, inclusive.

The issues before the Board for each of the years involved were: (1) The unit rate for depletion, allowable to the taxpay-

er for exhaustion of its mineral deposit; and (2) the fair market value of the deposit on March 1, 1913, for the purpose of computing the profit on its sale in 1929.

These identical issues involving petitioner's profits and income taxes for 1918 were before the Board in 1926, when it found that the fair market value of the deposit on March 1, 1913, did not exceed $300,000, and that a reasonable allowance for depletion was 5 cents per ton. At the instance of petitioner, this court reviewed and affirmed the decision of the Board. See 49 F.(2d) 985.

A petition to rehear was denied and the Supreme Court denied certiorari. 284 U. S. 667, 52 S.Ct. 42, 76 L.Ed. 565.

When these questions were again presented to the Board in the proceedings for the years herein involved, it declined to consider them and held that their prior determination constituted res adjudicata; hence this petition to review.

■■ We need not determine the broader question whether res adjudicata is applicable to orders of the Board for it is certainly applicable to the judgment of this court affirming the prior case. That judgment, after certiorari was denied, constituted a final determination of the issues herein presented a second time. See Tait v. Western Maryland Ry. Co., 289 U.S. 620, 623, 53 S.Ct. 706, 707, 77 L.Ed. 1405. Petitioner, however, contends that our decision was characterized by a certain feature—now to be considered—which takes it out of the general rule.

The chief ground for the petition to rehear that case was, that petitioner had in April, 1921, filed with the Bureau of Internal Revenue a Valuation Report styled "Form F (revised)"; that petitioner's agents had forgotten the report, but that the Commissioner and his attorneys knew of its existence; that because it had been forgotten by petitioner and had been deliberately withheld by the Commissioner the Board did not have the benefit of its contents, which would have disclosed a lower valuation and a higher depletion rate.

The petition to rehear was denied by formal order, but in connection therewith the court filed a per curiam which contained the following sentence:

"The original opinion of course must be considered as affecting the deficiency assessment for the year 1918 only and not in any way foreclosing submission to the Board of Tax Appeals of Revised Form F if and when that Board comes to consider assessments for subsequent years, as well as the other matters presented by the belated and unconsidered petition to rehear filed before the Board."

It is contended that this statement destroyed the effect of the affirmance as an estoppel. We do not concur. We think that it could not have such consequence.

Upon our consideration of the prior case it was our duty to accept the fact findings of the Board as conclusive [Phillips v. Com'r, 283 U.S. 589, 600, 51 S.Ct. 608, 612, 75 L.Ed. 1289; Tracy v. Com'r, 53 F. (2d) 575, 578 (C.C.A.6)] and if its decision was not in accordance with law, to modify or reverse; otherwise to affirm. Title 26 U.S.C. § 641 (26 U.S.C.A. § 641). The order affirming it, and the order denying the petition to rehear, decided the case. These orders were authoritative and constituted the adjudication.

The utmost that may be said for the statement, quoted from the per curiam, is, that it outran the issues and the decision. It belonged to that class called "gratis dicta." It was unwarranted, and, although it doubtless sprang from good intentions, it bound nobody. Our jurisdiction was limited to a review of the decisions of the Board of Tax Appeals. We had no regulatory power over its future proceedings.

■ It is pointed out that the prior proceeding was instituted under the Revenue Act of 1924 (43 Stat. 253); that before it was determined by the Board, the Revenue Act of 1926 (44 Stat. 9) had become effective; that by virtue of the last excepting clause of section 283 (b) of the act of 1926 (44 Stat. 63), petitioner had, until the decision of the Board, the right to pay the tax and sue for a refund (Old Colony Trust Co. v. Com'r, 279 U.S. 716, 727, 49 S.Ct. 499, 503, 73 L.Ed. 918); that if it did sue for such refund the subsequent decision of the Board should be treated as merely prima facie evidence of the facts found by it and not conclusive in the suit at law. But other questions aside, the difficulty with this proposition is that petitioner did not at any time pursue its concurrent remedy to recover the taxes by law.

It is urged upon us that respondent is now estopped to plead the prior decision affirmed by this court as res adjudicata because it was obtained by fraud. The alleged fraud is that the agents of the gov-

**960**

ernment purposely suppressed revised Form F which petitioner had forgotten and thereby prevented its introduction as evidence before the Board in the first case. This matter was fully presented to us upon the petition to rehear the first decision. We held in response that there was no sufficient evidence that revised Form F had been forgotten. It again came before the Board in the present proceeding and the Board found that "the circumstances complained of by the petitioner did not constitute fraud, either actual or constructive, nor suppression of evidence. From a careful consideration of the record before us we are unable to find any substantial corroboration of petitioner's allegations. Its contention on this point cannot be sustained."

We have examined the record in connection with the rule that allegations of fraud must be proved by clear, unequivocal, and convincing evidence and leave the mind well satisfied of its existence and we find no reason for disagreeing with the Board's conclusion.

The order of the Board of Tax Appeals is affirmed.