THE LINEN THREAD COMPANY, LTD., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3767. Promulgated February 21, 1945.

*Prew Savoy, Esq.*, for the petitioner.
*F. S. Gettle, Esq.*, for the respondent.

### OPINION.

HILL, *Judge*: This proceeding involves income tax deficiencies for the calendar years 1939 and 1940 in the amounts of $272.66 and $3,442.70, respectively. Respondent determined that petitioner was taxable as a nonresident foreign corporation. Petitioner assigns this action as error. This is the only issue before us. Petitioner filed its income tax returns for the years in question with the collector of internal revenue for the third district of New York as a resident foreign corporation. The facts have been stipulated or admitted.

The petitioner was incorporated under the laws of Scotland. It has its manufacturing plants and head office in Glasgow, Scotland. During the years 1939 and 1940 it held large investments in the United States and in Scotland and other foreign countries. It sold during the years 1939 and 1940 its manufactured products to its wholly owned American subsidiary, "The Linen Thread Company, Inc.," a Delaware corporation.

William J. MacInnis, in 1939 and 1940, was the resident agent of the petitioner and held a power of attorney in fact for the petitioner in the United States. For over thirty years he had been connected with the petitioner's subsidiary as salesman, factory manager, and vice president. As petitioner's resident agent he received the dividends from the petitioner's investments in the United States. The investments of the petitioner in the United States consisted of shares of stock of the American Thread Co., United Shoe Machinery Corporation, and the Linen Thread Co. MacInnis also received the interest due petitioner from its American subsidiary on any indebtedness incurred in the purchase of goods in Scotland. The petitioner's resident agent deposits all money received in the petitioner's behalf in a New York bank, pays the rent and taxes, and remits the balance to the petitioner in Glasgow. He files Federal and state tax returns, looks after petitioner's investments and any changes in the general business or in the products or materials which would affect petitioner.

The petitioner in 1939 and 1940 did not engage in trade or business in the United States, and its activities in the United States were confined entirely to those stated above.

In 1939 and 1940 the petitioner's resident agent maintained an office in the Chanin Building, New York City. The petitioner employed

no clerk or stenographer at this office, but called on the owners of the building for such service when required. The petitioner's name appears on the office door and in the New York City telephone book. The office is furnished and a ledger, journal, and cash book to record receipts and expenditures are maintained there. There were never any official meetings of directors or officers of the petitioner at the office in New York City, and no contracts or sales or other business activities were carried on there during the years 1939 and 1940.

In 1941 the Board of Tax Appeals entered a memorandum opinion and decision in Docket No. 103475, a proceeding between the same parties as here, holding that this petitioner had no office or place of business in the United States during the years 1937 and 1938, which decision was affirmed by the Circuit Court of Appeals for the Second Circuit, and certiorari was denied. The decision of the Board of Tax Appeals has become final.

The facts with respect to petitioner's operations in the United States for 1939 and 1940 are in all material respects the same as the facts which were involved as to the years 1937 and 1938.

The sole issue is whether petitioner had an office or place of business in the United States during 1939 and 1940 and thereby is entitled to be taxed as a resident foreign corporation.

Article 231-1 (b) of Treasury Regulations 101 and article 19.231-1 (b) of Treasury Regulations 103, provide, in part, as follows:

Whether a foreign corporation has an "office or place of business" within the United States depends upon the facts in a particular case. The term "office or place of business" however, implies a place for the regular transaction of business and does not include a place where casual or incidental transactions might be, or are, effected.

In the decisions by the Board and the Circuit Court of Appeals involving the years 1937 and 1938 the provisions of the regulations above quoted were approved and followed as being a reasonable interpretation of the statute.

By amended answer the respondent has interposed a plea of *res judicata*. He contends that the decision of the Board of Tax Appeals and the decision of the Circuit Court of Appeals for the Second Circuit for the years 1937 and 1938 on this question are binding for the years before us. Petitioner admits that the facts, circumstances, and methods of operation during the years before us are the same as in earlier years, but contends, for an assigned reason not necessary to discuss, that *res judicata* does not apply.

We hold that the plea of *res judicata* can not be sustained. We think that the question of whether or not the petitioner maintained an office or place of business within the United States during the years 1939 and 1940 must be decided on the facts as they existed in those years, independently of the adjudication based on facts substantially

similar in respect of the years 1937 and 1938. Only the facts, circumstances, and methods of petitioner's operation in a particular year are determinative of whether in such year petitioner maintained an office or place of business in the United States.

In the case of *Engineer's Club of Philadelphia* v. *United States*, 42 Fed. Supp. 182, the Court of Claims had occasion to pass on the question of whether a District Court decision determining the status of plaintiff as a social club in earlier tax years was binding in later years. The court said:

> Plaintiff's activities in the latter period, here in question, were not those of the earlier period, previously litigated. They were comparable and similar. * * * But they were a completely different set of events, and they were not the set of events litigated in the earlier cases. * * *

The claim of *res judicata* in that case was rejected.

In *Stoddard* v. *Commissioner*, 141 Fed. (2d) 76, there was involved the question of whether or not the taxpayer was doing business so as to permit the deduction of his expense of operations. The taxpayer contended that a decision of the Board of Tax Appeals as to an earlier year on this question was binding in a succeeding year. The Circuit Court of Appeals said:

> * * * Whether one is doing business or not * * * is often a most difficult question to decide and often depends upon the aggregate of many considerations, * * * A taxpayer must of necessity prove his actual status in the period in which he seeks an advantage that being in business would give him. It is not a subject which when settled as to one period remains immutable as to another. The issue is new in each taxable year raised and remains open until pertinent facts appear with sufficient certainty to provide the basis for decision under the applicable statute for the year in question. * * *

Cf. *Commissioner* v. *Western Union Telegraph Co.*, 141 Fed. (2d) 744, and *Fremont C. Peck*, 34 B. T. A. 402.

On the merits petitioner contends that the decisions of the Board and the Circuit Court of Appeals in the prior proceeding holding that petitioner had no office or place of business in the United States, and was therefore taxable as a nonresident foreign corporation for the years there involved, were erroneous and should not be a precedent for a like holding in the instant proceeding. Petitioner argues that Congress, in enacting section 231 (b) of the Revenue Act of 1938,[1] had in mind three different categories of corporations taxable as resident foreign corporations: (1) Those engaged in trade or business in the United States, and (2) those having an office, but not engaged in trade or business in the United States, and (3) those having a place of business in the United States. Petitioner claims that it comes under category (2).

---

[1] (b) RESIDENT CORPORATION.—A foreign corporation engaged in trade or business within the United States or having an office or place of business therein shall be taxable as provided in section 14 (e) (1).

The portion of Treasury Regulations 101 and 103 hereinabove set out considers "office or place of business" as one category and defines what is required in establishing that status to entitle a corporation to be taxed as a resident foreign corporation. Petitioner calls attention to section 160 (d) of the Revenue Act of 1942, which eliminated from section 231 (b) the phrase "having an office or place of business therein." Petitioner urges that the adoption of section 160 (d) indicates Congressional disapproval of the provision of the regulations hereinabove quoted and relied upon by the Board and the Circuit Court of Appeals in the prior proceeding. Petitioner contends that section 160 (d) would have been unnecessary if Congress had acquiesced in the provision of the regulations cited as properly interpreting section 231 (b), since such interpretation eliminated the application of section 231 (b) to all foreign corporations except those engaged in trade or business in the United States.

We do not agree with petitioner in its contentions above set forth. On the contrary, we adhere to our decision in the prior proceeding involving the years 1937 and 1938. It may be observed in passing that section 160 (d) above mentioned was made applicable only to years beginning after December 31, 1941, and left the provisions of section 231 (b) intact as to all prior years, including the years here involved.

While the facts and circumstances and petitioner's method of operation as disclosed in the prior proceeding relative to the question of whether the petitioner had an office or place of business in the United States are substantially similar to those relating to the like determinative question presented here, we hold, solely on the basis of the evidence relating to the years 1939 and 1940 involved in the instant proceeding, that the petitioner did not in these years maintain an office or place of business in the United States, and that it is taxable in such years as a nonresident foreign corporation. Cf. *Aktiebolaget Separator*, 45 B. T. A. 243.

*Decision will be entered for respondent.*