## CHILHOWEE MILLS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9024.

United States Court of Appeals District of Columbia.

Argued Oct. 25, 1945.

Decided Dec. 3, 1945.

---

Mr. Homer Hendricks, of Washington, D. C., for petitioner.

Mr. Fred E. Youngman, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Jr., Assistant Attorney General, and Mr. Sewall Key and Miss Helen R. Carloss, Special Assistants to the Attorney General, were on the brief, for respondent. Messrs. J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., also entered appearances for respondent.

Before GRONER, Chief Justice, ALBERT LEE STEPHENS, Circuit Judge, sitting by designation, and PRETTYMAN, Associate Justice.

PRETTYMAN, Associate Justice.

This is a companion case to H. A. Vestal, Sr., Transferee, v. Commissioner of Internal Revenue, No. 9025, 80 U.S.App.D.C. ——, 152 F.2d 132, decided simultaneously herewith. The facts are fully stated in that opinion.

The question here is whether an assessment against Chilhowee Mills, Inc., a corporation in dissolution, was barred by the statute of limitations on July 17, 1943, when the deficiency notice to appellant was mailed by the Commissioner. The question is of academic interest only, since we have held in No. 9025 that assessment against the transferees of the assets of the corporation was not barred by limitation, and it is agreed that the dissolved corporation has no assets from which collection might be made.

The sole item of income involved in this proceeding is the gain on the sale of certain real estate in October, 1938. Chilhowee Mills, a partnership successor to Chilhowee Mills, Inc., filed on September 15, 1939,[1] a partnership return in which the gain on the sale, and all pertinent data relative thereto, was reported. The Commissioner contends that that return was not a return by the corporation within the meaning of Section

---

[1] The transaction in October 1938 fell within the fiscal year ended June 30, 1939, for which the return was made.

138

275(a) of the Revenue Act of 1938,[2] and no other return having been filed by the corporation, the tax might be assessed at any time.[3]

In view of all the facts, we think that the return filed was a return within the meaning of the statute, and that therefore the three-year period of limitation began to run on the date of that filing. We rely upon Germantown Trust Co. v. Com'r, 1940, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770. It follows that the notice of deficiency of July 17, 1943, was not timely.

Decision reversed.

---

[2] Sec. 275(a), I.R.C. 26 U.S.C.A. Int. Rev.Code, § 275(a).

[1] Brown v. United States, 40 A.2d 832.
[3] Sec. 276(a), I.R.C., 26 U.S.C.A. Int. Rev.Code, § 276(a).