ERNEST STRONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH W. GRANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4766, 4767.   Promulgated October 11, 1946.

*Arthur H. Kent, Esq.*, and *Valentine Brookes, Esq.*, for the petitioners.

*Earl C. Crouter, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $825.33 in gift tax for 1940 as to each of these petitioners. The only issue for decision is based upon a plea of *res judicata*. The facts have been stipulated.

These two petitioners had been engaged in business as partners for some time prior to October 1, 1940. On that day each executed an instrument termed "deed of gift," purporting to convey to his wife one-half of his interest in the partnership. The petitioners and their wives then entered into a further agreement under which each purported to contribute to a new partnership a one-fourth interest in the old business and its assets and under which each was to share equally in the profits. The petitioners filed gift tax returns reporting the alleged gifts. Each thereafter reported only one-fourth of the income of the business. The Commissioner determined deficiencies in the

income tax of the two husbands for 1941 by including in the income of each one-half of the income of the business for its fiscal year ended September 30, 1941, and for the three-month period ended December 31, 1941. The petitioners contested those determinations at Docket Nos. 407 and 416. See memorandum opinion entered August 3, 1944. Meanwhile, the Commissioner had determined a deficiency in gift tax against each petitioner on the ground that the value of the one-fourth interest in the partnership given to each wife had been understated in the gift tax returns.

The petitioners took the position that they had made valid, complete, and irrevocable gifts to their wives by the deed of October 1, 1940, each wife had thus acquired a one-fourth interest in the partnership business and its assets, and each had contributed that undivided one-fourth interest to a new partnership, so that one-fourth of the income of the business thereafter belonged to the wives and not to the husbands. The respondent, in the income tax cases, contended, in direct opposition, that the petitioners had not made valid completed gifts to their wives and that the whole transaction was a sham, perpetrated only for the purpose of avoiding income taxes. He argued strenuously that there was no delivery, no intention on the part of the husbands absolutely and irrevocably to part with title, dominion, and control over the partnership property, and a retention by the husbands of most of the incidents of ownership. He requested findings of fact along those lines so that the petitioners would not succeed in making even the first step to show that there was a valid partnership between them and their wives.

Those cases were decided against the petitioners and the decisions have become final. They now argue that, since it has been held in the income tax cases that the deed of October 1, 1940, did not result in a completed gift to the wives of undivided one-fourth interests in the partnership, then they erred in reporting any such gift for gift tax purposes, and the Commissioner, having won the income tax case, is now estopped by the principle of *res judicata* to claim that the very same transaction resulted in completed gifts for gift tax purposes.

The petitioners concede, as is obvious, that the present proceeding is upon a different cause of action from that involved in the income tax cases, and the doctrine of *res judicata*, under such circumstances, does not apply unless a right, a question, or a fact to be determined in the later action is the same as one that was litigated and determined in the original action. The Supreme Court, in *Southern Pacific Railroad Co.* v. *United States*, 168 U. S. 1, stated the rule as follows:

The general principle announced in numerous cases is that a right, question or fact put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of

action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.

It is immaterial whether the first determination was right or wrong, or whether either party would like to put in additional evidence or make further arguments. *Arthur Curtiss James*, 31 B. T. A. 712. The doctrine operates to preclude any further inquiry into the question or fact determined.

The question of whether each of these petitioners made a complete transfer by gift to his wife of an undivided one-fourth interest in the business and assets of the partnership by the instrument of October 1, 1940, is certainly a fact or question to be determined in the gift tax proceeding. If there was no completed gift made, then there would be no gift tax due, regardless of the value of the property. The parties to the present proceedings are exactly the same as the parties to the prior proceedings. It makes no difference that in the prior cases income taxes for 1941 were involved, whereas here gift taxes for 1940 are involved, so long as a fact determined in the first proceedings is likewise material in the present proceedings. *Otto T. Mallery*, 42 B. T. A. 793.

The question of whether *res judicata* applies is thus to be determined by an examination of the prior proceedings to see whether or not there was put in issue and directly determined, as a ground of recovery by the Commissioner in those cases, the question of whether these petitioners did or did not make completed gifts to their wives of undivided one-fourth interests in the partnership by the instrument of October 1, 1940. The answer is that that question was put in issue, was fully litigated to the satisfaction of the parties, and was determined by the Court as a ground for giving judgment for the Commissioner.

The issue in those cases was whether a valid partnership for income tax purposes was created between the petitioners and their wives by the transactions which took place on October 1, 1940. The husbands had been engaged since 1924 in the contracting business as partners. They had a large organization. The instrument "purporting to convey to his wife one-half of his interest in the partnership" was dated October 1, 1940, and on the same day another agreement was executed between the petitioners and their wives reciting the transfer of an undivided one-half interest in the partnership to each wife and that the partnership would thenceforth consist of all four as partners, each sharing equally in assets, profits, and losses. The husbands were to continue to have exclusive management and control over the business and were to have rights to reacquire a wife's interest in case she should die. The wives had no right to draw checks on the partnership

bank account. The husbands took out "salaries," income taxes of all four were paid, and the remaining profits were left in the business. The Court recited all of those circumstances and expressed doubt that the wives were ever expected to enjoy the fruits of the interest purportedly given them in 1940. It then concluded:

In the light of these facts, we think it can not be said that the petitioners intended to make their wives co-partners with them in the conduct of the business, or that they in fact made valid gifts of half of their interest in the business. The whole transaction was obviously drawn so as to leave the petitioners with substantially the same control and dominion over the business, its assets, and its earnings as they had previously over the alleged gifts.

The Court entered decisions for the respondent and those decisions became final after an affirmance by the Circuit Court of Appeals for the Tenth Circuit. See *Grant* v. *Commissioner*, 150 Fed. (2d) 915. The Court of Appeals, in affirming the Tax Court, concluded that:

* * * While, in form, there was a transfer to each of the wives of a one-fourth interest in the assets of Strong and Grant, and a new partnership was created in which the wives were equal partners, in substance, the petitioners, during the year 1941, had the full management of the business and complete control of the partnership assets and the income derived from the business. During 1941, it was the intention of the petitioners and their wives that petitioners should enjoy and, in fact, they did enjoy substantially the same economic benefits they would have realized had they retained unqualified ownership of such assets and income.

The Tax Court thus held as an essential fact in those cases that there were no valid completed gifts from the husbands to the wives of undivided one-fourth interests in the partnership business and its assets on October 1, 1940. The appellate court did not say that that was an immaterial finding by the Tax Court, but, on the contrary, recognized the importance of the holding of the Tax Court on this point and itself stated that in substance there was no complete transfer by gift from the husbands to the wives of an undivided one-fourth interest in the partnership business and assets. The question of whether or not there had been a valid completed gift was material in the income tax cases and was decided in the negative.

There may be cases in which a family partnership has not been recognized for income tax purposes, although the question of whether or not the husband made a valid gift to his wife was not decided. Nevertheless, it has never been held, so far as we are informed, that there could be a partnership between a husband and wife for income tax purposes where the gift upon which the contribution of the wife is based was invalid or incomplete. Since the petitioners, by the instrument dated October 1, 1940, did not make completed gifts of their interests in the partnership business and assets, but retained substantially the same beneficial interests and the same control and dominion over the business and its assets as they had had prior to the

execution of the "deed of gift," then there were no completed gifts to support the gift taxes which the Commissioner is now trying to collect. In other words, the Commissioner, having secured a holding in the prior cases that there were no completed gifts made by the transaction of October 1, 1940, can not now be heard to say, in a proceeding involving the same parties, that there were valid completed gifts made in those transactions.

The principle of *res judicata* applies.

Reviewed by the Court.

*Decisions will be entered for the petitioners.*

HILL, *J.*, dissents.

———

TURNER, *J.*, concurring: I do not consider the prior income tax proceedings *res judicata* of the question here. I do agree, however, that the facts in this case fail to show that gifts were made. I, accordingly, concur in the result reached.

ARNOLD and JOHNSON, *JJ.*, agree with the above.