## KAY v. COMMISSIONER OF INTERNAL REVENUE.

No. 9890.

United States Court of Appeals, Third Circuit.

Argued Dec. 22, 1949.

Decided Jan. 10, 1950.

J. S. Y. Ivins, Washington, D. C., for appellant.

L. W. Post, Washington, D. C. (Theron Lamur Caudle, Assistant Attorney General, Ellis N. Slack, Special Assistant to the Attorney General, on the brief), for appellee.

Before MARIS, GOODRICH, and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The sole question in this case is whether the income of four trusts created by the taxpayer on December 29, 1941 was taxable to him for the years 1942 and 1943 under the doctrine of Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. The taxpayer had set up a separate trust for the benefit of his wife and each of his three children and had constituted himself sole trustee of each of the trusts. The contention of the Commissioner is that in so doing the taxpayer retained such control over the trusts as to justify taxing the trust income as his under the rule laid down in the Clifford case. The taxpayer strenuously opposes what he describes as the "Cliffordizing" of the trusts. He points out that he has retained no reversion or possibility of reverter and he argues that the control which he has retained as trustee does not pass the boundaries laid down

as permissible by Section 29.22(a)-21, as amended, of Regulations 111.

By Treasury Decision 5488 [1] the Commissioner added Section 29.22(a)-21 to Regulations 111, and by Treasury Decision 5567 [2] he amended the section. His purpose was to clarify the application of the Clifford doctrine by defining and specifying in the light of prior judicial decisions those factors which demonstrate the retention by the grantor of such complete control of a trust that he is taxable on the income therefrom under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a). While the section is by its terms applicable only to the taxability of trust income for 1946 and subsequent years, the Commissioner himself in Mim. 6156 [3] stated that it would be his general policy to apply it in determining the taxability of trust income for prior years.

The Tax Court made no reference to Section 29.22(a)-21 in its opinion in this case. As an independent judicial tribunal,[4] even though anomalously placed by the Internal Revenue Code in the executive branch of the Government,[5] the Tax Court is, of course, not bound any more than we are to apply the section retrospectively merely because the Commissioner has announced that, as a matter of administrative policy, he proposes to do so. But we think that the Tax Court, nonetheless, should have applied the section to this case. Section 29.22(a)-21 represents a careful codification by the Commissioner of the controlling decisions upon the application of the Clifford rule. It is applicable to the income of trusts received in 1946 and later years and in the interests of uniformity and certainty we think it should likewise be applied to current determinations of tax liability for prior years. We have accordingly ourselves considered the case in the light of Section 29.22(a)-21.

The facts of the case are fully set out in the opinion filed by Judge Disney for the Tax Court, 11 T.C. 471, and will not be repeated here. Suffice it to say that our consideration of them leads us to conclude, as did the Tax Court, that the taxpayer retained broad administrative control over the four trusts some of which, in the actual administration of the trusts, he exercised primarily for his own benefit. For example, on numerous occasions he disbursed substantial amounts of income from his wife's trust in payment of his own obligation to support and educate his children and he made a loan of $24,000 without security from the principal of the children's trusts to a partnership of which he was one of the two active partners. In view of these and the other facts described in the findings of the Tax Court the income of the trusts was taxable to the grantor under paragraphs (e) and (f) of Section 29.22(a)-21 of the Regulations.

The decision of the Tax Court will accordingly be affirmed.

1. 1946—1 C.B. 19.

2. 1947—2 C.B. 9.

3. 1947—2 C.B. 13.

4. For a history and description of the work of the Tax Court indicating that its functions are solely judicial in character, that it operates judicially and that it has no administrative, investigatory or regulatory functions see the statements made by Presiding Judge Bolon B. Turner to a subcommittee of the United States Senate on April 22 and 24, 1948. Hearings before a Subcommittee of the Committee on the Judiciary, United States Senate, 80th Congress, 2d Session, on H.R. 3214, pages 41 et seq. and 280 et seq.

5. See the report of the House Committee on the Judiciary dated July 28, 1949 on H.R. 3113, a bill to incorporate into title 28, U.S.C., the provisions of law relating to the Tax Court. House Report No. 1138, 81st Cong., 1st Sess.