FAIRMONT ALUMINUM COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40176. Filed September 30, 1954.

*Earl Q. Kullman, Esq.,* for the petitioner.
*William A. Schmitt, Esq.,* for the respondent.

**OPINION.**

RAUM, *Judge:* This case involves petitioner's excess profits taxes for 1945. In the earlier proceeding covering the years 1942, 1943, and 1944, there was presented for the year 1944 the identical question that is raised by the petitioner for 1945.

In substance, the crucial issue between the petitioner and the Commissioner, in both the present case and the prior case, relates to the basis of the assets owned by the petitioner which had formerly been owned by West Virginia Metal Products Corporation. In both the present case and the prior case, petitioner has taken the alternative positions (1) that the basis of such assets was their fair market value at the time petitioner acquired them, alleged to be in excess of $1,500,-000, or (2) that petitioner is entitled to the basis that such assets had in the hands of West Virginia Metal Products Corporation, alleged to be $2,529,774.33.

The petitioner endeavored to support its positions in the earlier trial with a stipulation of facts, in face of the plain warning from the Government that it regarded the stipulation insufficient for that purpose. Petitioner's counsel firmly reiterated his view at the hearing that the stipulation was adequate and the case was thus submitted to the Court without further evidence. The Court concluded that the stipulation was insufficient to support either of the alternative bases urged by petitioner, and it therefore rendered a decision against petitioner, which was affirmed by the Court of Appeals. The present case is merely an attempt to relitigate the identical issue for 1945, with respect to the basis of the identical assets involved in the prior proceeding for 1944. This presents a classic situation for the application of the doctrine of collateral estoppel (cf. *Tait* v. *Western Md. Ry. Co.,* 289 U. S. 620), and were it not for some sweeping contentions that petitioner insistently makes, the matter might well receive summary disposition. However, in view of those contentions, it may be appropriate to deal more fully with the problem.

The doctrine of collateral estoppel is an adjunct of, and in some instances is loosely referred to as, res judicata. Some differences exist

between the two doctrines and it is well, at the outset, to delineate them. Res judicata applies only to the same cause of action arising between the same parties. The doctrine, simply stated, is that a decision on the merits in a cause of action between two parties prohibits any further litigation of the same cause of action by either of the parties, or persons claiming through them. *Cromwell* v. *County of Sac*, 94 U. S. 351. Collateral estoppel, or estoppel by judgment as it is sometimes referred to, applies in a different cause of action and precludes relitigation of issues which were presented, litigated, and decided in a prior proceeding between the same parties, or persons claiming through them. *Cromwell* v. *County of Sac, supra;* Restatement, Judgments, sec. 68. It is the latter doctrine that is most frequently involved in tax litigation since the question of tax liability for each year presents a cause of action different from that of liability for any other year. Cf. *Tait* v. *Western Md. Ry. Co.*, 289 U. S. 620, 623. The doctrine is grounded upon the theory that litigation of identical issues in more than one action between the same parties serves no useful purpose, but rather tends to defeat the ends of justice. However, collateral estoppel is not applied with the same rigor as res judicata, and is subject to certain limitations which do not attach to res judicata. Cf. *Commissioner* v. *Sunnen*, 333 U. S. 591; *United States* v. *International Building Co.*, 345 U. S. 502. Petitioner contends that some of those limitations render collateral estoppel inapplicable here, and that, in any event, the defense of collateral estoppel is not available in a proceeding before the Tax Court.

1. Petitioner argues that since collateral estoppel does not apply to a determination not on the merits (*United States* v. *International Building Co., supra*), it must fail here. It contends that in view of the language of the Opinion in the earlier proceeding relating to its failure to carry the burden of proof, the prior decision of this Court was not a decision "on the merits." We do not agree.

In submitting its case on stipulated facts in Docket No. 13970, petitioner in effect requested the Court to adjudicate the issues raised by the pleadings in that case and to determine its tax liability for the years involved accordingly. The determination of its equity invested capital and the basis of the underlying assets was made on the facts presented. There is a burden of proof on some party in every case, and even though the adjudication may be rested upon a failure to discharge that burden it is nonetheless an adjudication on the merits. Perhaps, on a different record, a different result might follow, but it is the essence of the doctrine of collateral estoppel that only one opportunity be given, in the normal course, to litigate an issue. The question before us in this connection is whether the issues now in controversy on the merits have been previously litigated. It is clear

that they have been litigated, and, therefore, the prior decision must be viewed as a decision on the merits. Cf. *Last Chance Min. Co.* v. *Tyler Min. Co.*, 157 U. S. 683; [1] Restatement, Judgments, sec. 68, comment f, p. 303.[2] It was counsel's strategy in the prior case to present the issues merely on the strength of the stipulated facts, ignoring the plain and repeated warning that those facts might be insufficient to sustain petitioner's position. Petitioner is not entitled now to have these same issues tried again.

Petitioner's reliance upon *United States* v. *International Building Co.*, *supra*, is misplaced. There a prior decision did not foreclose later litigation because the prior decision had been entered pursuant to a settlement agreement negotiated by the parties and did not represent in any manner an adjudication of the issues by the court. The contention that there was no adjudication of the pertinent issues in the prior proceedings herein is without merit.

2. Petitioner argues further that certain limitations on the doctrine of collateral estoppel that were held to render it inapplicable in *Commissioner* v. *Sunnen*, 333 U. S. 591, are similarly operative here. Cf. also *Clarence B. Ford*, 19 T. C. 200. In the *Sunnen* case there had been a development of legal principles through a series of Supreme Court decisions between the dates of the two proceedings that made clear the error of the earlier adjudication. Accordingly, the Supreme Court in the *Sunnen* case held that in such circumstances collateral estoppel should not be used. . That case is not pertinent here.

There is no suggestion in this case that there has been any change of substantive law or development of legal principles relating to the issues adjudicated in the earlier proceeding that would call for a different result. The "change" relied upon by petitioner is a statutory amendment in 1951 to section 1732 of Title 28 of the United States Code relating to the admissibility in evidence of records and copies of records made in the regular course of business. Assuming that these provisions are applicable to proceedings in this Court,[3] it must be remembered that, prior to the 1951 amendment to section 1732, the statute for many years authorized the admission of records kept in the regular course of business, and was recodified as section 1732

---

[1] In holding that a prior decision of a court wherein judgment by default was entered (after an answer by the defendant had been withdrawn) was a decision on the merits and acted to estop the parties from relitigating the issues there presented, the Supreme Court said (157 U. S. at p. 691) : "The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination, and not upon what evidence or by what means was it reached."

[2] Restatement, Judgments, *supra*, p. 303 :
If a question of fact is put in issue by the pleadings, and at the trial the party who has the burden of proof offers no evidence in support of his allegations, and the court directs a verdict against him, the question is litigated and a judgment on the verdict is conclusive between the parties as to the question.

[3] Cf. sec. 1111, I. R. C., 1939 ; sec. 7453, I. R. C., 1954.

in 1948.[4]  Act of June 25, 1948, ch. 646, 62 Stat. 945.  The 1951 amendment left unchanged the provisions already in the statute with respect to the admissibility of records made in the regular course of business; that amendment merely added a new subsection providing primarily for the admissibility of photographic and other accurate copies of business records regardless of the availability of the original records. The basic provisions of the amendment were in accord with a rule of evidence that had already been followed without explicit statutory authorization.  See *United States* v. *Manton*, 107 F. 2d 834, 844–845 (C. A. 2), certiorari denied, 309 U. S. 664; H. Rept. No. 536, 82d Cong., 1st Sess. (1951), p. 3.  Petitioner has not shown that the records or copies thereof relied upon by it, if presently admissible, would not have been admissible in evidence in the prior proceeding.[5]  Certainly, it made no attempt to assemble and present such evidence at the earlier trial, and its counsel persisted in taking the position at that time that further evidence, beyond the stipulation of facts, was not required.

Moreover, a modification in the law of evidence such as is involved in the 1951 amendment to section 1732 is not the type of "change in the legal climate" referred to in the *Sunnen* case, 333 U. S., at p. 606.  The situation therein involved broad conceptual differences in legal thinking between the first proceeding and the second, and the Supreme Court approved the characterization of the series of decisions between the first and second proceedings as "an intervening legal development * * * which makes manifest the error of the result reached in" the earlier case.  333 U. S., at p. 603.  That is not the situation before us.  Petitioner instead relies at most in this connection on a relaxation of the Federal law of evidence in the admission of secondary evidence and not upon any major conceptual differences. We think that the principle of the *Sunnen* case does not encompass so narrow a "change" as is present here since the situation between the prior proceeding and the present one has not been "vitally altered." 333 U. S., at p. 600.

Petitioner's position in effect is a request for a new trial on the ground that there is now available certain evidence which was discovered subsequent to the first proceeding.  But the unavailability of such evidence in the prior proceeding was due to the failure to make a diligent effort to discover such evidence.  After the Opinion was entered in the prior proceeding, the petitioner made several unsuccessful attempts to reopen the proceeding to take further evidence

---

[4] The recodification was based upon Title 28, U. S. C., 1940 ed., sec. 695 (see Act of June 20, 1936, ch. 640, sec. 1, 49 Stat. 1561).

[5] Moreover, even under a stricter rule than was applied in the *Manton* case, accurate copies would undoubtedly have been admissible prior to 1951 upon a showing of reasonable cause for the absence of the originals.

and to obtain a new trial on the ground of newly discovered evidence. Petitioner argued before the Court of Appeals for the Fourth Circuit that its motions should have been granted, but the decision of this Court was affirmed. *Fairmont Aluminum Co.* v. *Commissioner*, 180 F. 2d 832. We see no reason now for giving petitioner a further opportunity to litigate the same issues, particularly in view of the fact that the situation is largely one of its own making.

3. Petitioner's final and most radical contention is that collateral estoppel is not available for application by this tribunal in any case because it is not a "judicial body," but rather is an "administrative agency." Cf. *United States Maritime Commission* v. *California Eastern Lines*, 204 F. 2d 398 (C. A., D. C. Cir.). Without pausing to comment on the premise that the Tax Court is an "administrative agency" rather than a "court," but cf. *Trace* v. *W. C. P. A. B.*, 21 T. C. 303, on appeal (C. A., D. C. Cir.), and whether the doctrine is not available for use if such is the case, we think it incredible that it now be seriously contended that the doctrine should not apply in proper cases before this Court. Even if, in some circumstances, the doctrine is unavailable for use in administrative proceedings (cf. Davis, "Res Judicata in Administrative Law," 25 Tex. L. Rev. 199 (1946); see also Griswold, "Res Judicata in Federal Tax Cases," 46 Yale L. J. 1320, 1325 (1937)), such cannot be the situation here. Whatever label might be used to characterize this Court for various purposes, its proceedings are, and were intended by Congress to be, in every sense of the word, judicial.[6] It is required by statute to act, and does act, solely in a judicial manner, and exercises only judicial power. We hear and decide only real controversies between adverse parties, following procedures that are inherently judicial. We make no independent investigation of the facts as do some agencies labeled "administrative" either upon our own motion or upon the motion of one of the parties;[7] our findings of fact are based solely on evidence

[6] See *Kay* v. *Commissioner*, 178 F. 2d 772, 773 (C. A. 3), where the Court of Appeals referred to this Court as "an independent judicial tribunal, even though anomalously placed by the Internal Revenue Code in the executive branch of the Government * * *." See also *Blair* v. *Oesterlein Co.*, 275 U. S. 220, 227; *Backus* v. *United States*, 75 Ct. Cl. 69, 59 F. 2d 242, 258 (Ct. Cl.); 67 Cong. Rec. 3749, 3750, 3752 (1926); H. Rept. No. 1, 69th Cong., 1st Sess. (1925), pp. 18, 20; S. Rept. No. 52, 69th Cong., 1st Sess. (1925), p. 37; H. Rept. No. 2, 70th Cong., 1st Sess. (1927), pp. 30–31; S. Rept. No. 960, 70th Cong., 1st Sess. (1927), p. 38; Final Report of the Attorney General's Committee on Administrative Procedure (1941), p. 205; S. Rept. No. 752, 79th Cong., 1st Sess. (1945), p. 38; H. Rept. No. 905, 81st Cong., 1st Sess. (1949), p. 4; 93 Cong. Rec. 8885, 8886, 8890, 8891 (1947); Remarks of Judge Miller (pp. 14–15) at Hearings before a Subcommittee of the Committee on the Judiciary, United States House of Representatives, on H. R. 2055, 80th Cong., 1st Sess., March 7, 1947; Remarks of Judge Maris (p. 23) and Judge Stephens (p. 38) at Hearings before a Subcommittee of the Committee on the Judiciary, United States Senate, on H. R. 3214, 80th Cong., 2d Sess., April 22, 1948.

[7] E. g. 49 U. S. C. sec. 13 (Interstate Commerce Commission); 47 U. S. C. sec. 403 (Federal Communications Commission); 49 U. S. C. sec. 642 (b) (Civil Aeronautics Board); 15 U. S. C. secs. 45 (b) and 46 (Federal Trade Commission).

submitted to us by the parties in accordance with prescribed rules.[8] We do not appear as parties in court to enforce our orders or the law as do so-called administrative agencies.[9] Our findings of fact carry the same weight as those made by a District Court sitting without a jury.[10] Our decisions are final and may be attacked, in the same manner as District Court decisions, only by appeal to a United States Court of Appeals.[11]

It is then exceedingly difficult to see how an action brought in this Court to redetermine a deficiency differs in the exercise of the judicial process from an action for a refund of taxes brought in the District Courts.[12] Indeed, it is inconceivable that Congress could have intended that an issue in the Tax Court could be litigated time and again where, had the same issue arisen primarily in a District Court the parties would be forever bound by that determination. It is well to note that the doctrine is applied in favor and to the detriment of taxpayers and the Commissioner alike, and it need hardly be said that Congress would not wish to subject a taxpayer, who once prevailed in his contention that he owed a lesser tax than that asserted by the Commissioner, to the harassment of an overzealous collector whereby he would be compelled to relitigate the identical issue for each ensuing year merely because he chose, or perhaps was compelled by circumstances, to litigate in this Court prior to payment of the contested liability.

Furthermore, *Tait* v. *Western Md. Ry. Co.*, 289 U. S. 620, had made it perfectly plain that a decision by this tribunal may be conclusive in a subsequent suit involving a different tax year in a District Court. Why Congress should have desired the prior judgment of this Court to operate as collateral estoppel in a later suit in a District Court and not in a later suit in this Court itself completely escapes us. And in the absence of any indication whatever in any statute that it so intended, we would hardly be justified in adopting any such bizarre distinction, particularly since the availability of collateral estoppel as a defense in this Court has been assumed in more cases than it would be convenient to enumerate at this time. There are listed in the margin a number of cases, selected at random, in which the doctrine of collateral estoppel based on prior proceedings in this tribunal has been

---

[8] Sec. 1111, I. R. C., 1939; sec. 7453, I. R. C., 1954.

[9] E. g. 49 U. S. C. sec. 16 (12) (Interstate Commerce Commission); 47 U. S. C. sec. 402 (j) (Federal Communications Commission); 49 U. S. C. sec. 468 (Civil Aeronautics Board); 15 U. S. C. sec. 53 (Federal Trade Commission).

[10] Sec. 1141, I. R. C., 1939; sec. 7482, I. R. C., 1954.

[11] Sec. 1141, I. R. C., 1939; sec. 7482, I. R. C., 1954.

[12] The great weight attached by petitioner's counsel to the forum for determining tax liability is shown by one of his statements at the hearing. "* * * If the prior decision had been a District Court case I wouldn't be here. We say there is a distinction between the Tax Court and the District Court in estoppel or *res judicata*."

deemed available and applied in this Court,[13] and others in which it was similarly deemed available in this Court but not applied because of circumstances in the particular case.[14] The *Sunnen* case itself was one in which the Supreme Court regarded the defense of collateral estoppel available in this Court upon a proper showing of its applicability to the case at hand. We refuse to announce any such novel and sweeping rule as requested by petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

BREECE VENEER AND PANEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26153.   Filed September 30, 1954.

---

[13] *Jahncke Service, Ino.,* 20 B. T. A. 837 ; *Mary Haller,* 26 B. T. A. 395, affirmed, 68 F. 2d 780 (C. A., D. C. Cir.) ; *Portage Silica Co.,* 29 B. T. A. 881, affirmed, 89 F. 2d 958 (C. A. 6), certiorari denied, 302 U. S. 711.; *Edwin J. Marshall,* 29 B. T. A. 1075 ; *Wobber Bros.,* 31 B. T. A. 133 ; *Sand Springs Railway Co.,* 31 B. T. A. 392 ; *Arthur Curtiss James,* 31 B. T. A. 712 ; *Terre Haute Electric Co.,* 33 B. T. A. 975, affirmed on this issue, 96 F. 2d 383 (C. A. 7) ; *Pryor & Lockhart Development Co.,* 34 B. T. A. 687 ; *Otto T. Mallery,* 42 B. T. A. 793 ; *The Evergreens,* 47 B. T. A. 815, affirmed, 141 F. 2d 927 (C. A. 2), certiorari denied, 323 U. S. 720 ; *Anna Eliza Masterson,* 1 T. C. 315, reversed, 141 F. 2d 391 (C. A. 5) ; *Libbie Rice Farish,* 2 T. C. 949 ; *Ernest Strong,* 7 T. C. 953 ; *Estate of P. D. George,* 8 T. C. 867, affirmed, 65 F. 2d 307 (C. A. 8) ; *Texas Empire Pipe Line Co.,* 10 T. C. 140. affirmed, 176 F. 2d 523 (C. A. 10) ; *Beatrice H. Albert,* 15 T. C. 350 ; *George Kemp Real Estate Co.,* 17 T. C. 755, affirmed, 205 F. 2d 236 (C. A. 2), certiorari denied, 346 U. S. 876 ; *Harley Alexander,* 22 T. C. 318, on appeal (C. A. 5).

[14] *Boston Safe Deposit & Trust Co. et al., Executors,* 26 B. T. A. 486, affirmed, 66 F. 2d 179, certiorari denied, 290 U. S. 700 ; *E. A. Hughes,* 32 B. T. A. 1248 ; *United Business Corporation of America,* 33 B. T. A. 83 ; *Almours Securities, Inc.,* 35 B. T. A. 61, affirmed, 91 F. 2d 427 (C. A. 5), certiorari denied, 302 U. S. 765 ; *Volunteer State Life Insurance Co.,* 35 B. T. A. 491, reversed on other grounds. 110 F. 2d 879 (C. A. 6), certiorari denied, 310 U. S. 636 ; *Harris-Emery Co.,* 37 B. T. A. 958 ; *Hartford-Empire Co.,* 43 B. T. A. 113, affirmed, 137 F. 2d 540 (C. A. 2), certiorari denied, 320 U. S. 787 ; *Mary E. Bellingrath,* 46 B. T. A. 89 ; *Louis E. Stoddard, Jr.,* 47 B. T. A. 584, reversed on other grounds, 141 F. 2d 76 (C. A. 2) ; *M. D. Johnson,* 1 T. C. 1041 ; *Margaret A. C. Riter,* 3 T. C. 301 ; *William Fleming,* 3 T. C. 974, affirmed, 155 F. 2d 204 (C. A. 5) ; *Chilhowee Mills, Inc.,* 4 T. C. 558, reversed on other grounds, 152 F. 2d 137 (C. A., D. C. Cir.) ; *Linen Thread Co., Ltd.,* 4 T. C. 802, affirmed, 152 F. 2d 625 (C. A. 2) ; *Maltine Co.,* 5 T. C. 1265 ; *Dade Commonwealth Title Co.,* 6 T. C. 332 ; *L. B. Foster,* 8 T. C. 197 ; *Clarence Whitman & Sons, Inc.,* 10 T. C. 264 ; *Coast Carton Co.,* 10 T. C. 894 ; *C. D. Johnson Lumber Corporation,* 12 T. C. 348, rehearing, 16 T. C. 1406 ; *National Bank of Commerce of Seattle,* 12 T. C. 717 ; *Estate of B. W. Cadwallader,* 13 T. C. 214 ; *J. T. Wurtsbaugh,* 13 T. C. 1059, reversed on other grounds, 187 F. 2d 975 (C. A. 5) ; *Thomas Flexible Coupling Co.,* 14 T. C. 802, affirmed, 198 F. 2d 350 (C. A. 3) ; *Joe Lynch,* 20 T. C. 1052, on appeal (C. A. 7).